UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL TORONGO, *et al.*,                    Case No. 25-11263

      Plaintiffs,                              F. Kay Behm

v.                                           United States District Judge

UNITED STATES DEPARTMENT OF
INTERIOR, SECRETARY OF, *et al.*,

      Defendants.

_____ /

**OPINION AND ORDER FINDING THAT TRANSFER
IS NOT APPROPRIATE UNDER 28 U.S.C. § 1406(a)**

**I.     PROCEDURAL HISTORY**

Plaintiffs filed this suit alleging violations of the Antiquities Act, 54

U.S.C. §§ 320301, *et seq.*, the Property Clause of the United States

Constitution, and the major questions doctrine. (ECF No. 1). The central

dispute is whether President Biden exceeded his authority under the

Antiquities Act when he established the Chuckwalla National Monument,

located in the State of California. *Id.* Additionally, Plaintiffs seek a

declaration that the Antiquities Act violates the Property Clause of the

Constitution, and that the designation of the Chuckwalla National Monument

violates the major questions doctrine. *Id.*

1

According to the complaint, Plaintiff Daniel Torongo has a long-standing mining claim in the territory designated as the Chuckwalla National Monument.  *Id*. at ¶ 16.  The complaint alleges that the proclamation's declaration that the monument will be subject to historic mining operations and valid existing rights is insufficient to protect Torongo's mining interests within the territory.  *Id*. at ¶ 21.  The complaint further alleges that the national monument designation interferes with Torongo's mining claim by increasing restrictions and regulations to maintain his claim and will keep him from expanding his claim to nearby areas.  *Id*. at ¶ 22.

Because Torongo is a resident of Brighton, Michigan, Plaintiffs allege that venue is proper in the Eastern District of Michigan under 28 U.S.C. § 1391(e)(1)(C), which provides:

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which ... (C) the plaintiff resides if no real property is involved in the action.

The court issued an order for Plaintiffs to show cause why this matter should not be transferred pursuant to 28 U.S.C. § 1406(a) to the district which the Chuckwalla National Monument is located because real property is involved

in the action.  (ECF No. 31).  Plaintiffs filed their response to the show cause order (ECF No. 33), Defendants and the Intervenors filed their briefs on the issue (ECF Nos 34, 35, 36), and Plaintiffs filed a reply.  (ECF No. 38).

For the reasons set forth below, the court finds that transfer under 28 U.S.C. § 1406(a) is not appropriate.

## II.    ANALYSIS

The question of whether a dispute "involves" real property for purposes of 28 U.S.C. § 1391(e)(1)(C) has been addressed by several courts.  These cases almost universally hold that the dispute must center directly on the right, title, or interest in real property.  For example, in *Montana Wildlife Fed'n v. Bernhardt*, 2022 WL 2438963, at *1 (D. Mont. July 5, 2022), the plaintiffs challenged the Bureau of Land Management issuance of the 2018 Instruction Memorandum on Greater Sage Grouse Conservation and subsequent oil and gas leasing decisions.  The court examined whether the District of Montana was a proper venue where the plaintiff resided in the venue.  *Id*. at *6.  The question, like that here, was whether real property was involved in the action.  The court agreed that the federal oil and gas leases were real property interests in the context of § 1391(e)(1)(C); however, the court also held that the claims at issue did not center on a dispute over the right, title or interest in

real property.  *Id*. at *7.  "The touchstone of the venue provision 'cannot sensibly be whether real property is marginally affected by the case at issue. Rather, the action must center directly on the real property, as with actions concerning the right, title or interest in real property.'"  *Id*. (quoting *W. Org. of Res. Councils v. BLM*, 2021 WL 718857, at *4 (D. Mon. Feb. 24, 2021) (citation omitted)); *see also Nat. Res. Defense Council, Inc. v. Tennessee Valley Authority*, 340 F. Supp. 400, 406 (S.D.N.Y. 1971), *rev'd on other grounds*, 459 F.2d 255 (2d Cir. 1972) ("the touchstone for [venue] . . . must center directly on the real property, as with actions concerning the right, title or interest in real property."); *Animal Legal Def. Fund v. U.S. Dep't of Agric.*, 2013 WL 120185, at *2 (N.D. Cal. Jan. 8, 2013) (holding venue proper because "[n]o title, interest, or possession of real property would be affected if this case were resolved on the merits, even though the case involves facts derived from real property").  Applying this principle, the Montana district court held:

> Plaintiffs' claims challenge the violation of regional land management plans adopted to protect the greater sage-grouse, and the agency's failure under NEPA to analyze the environmental impacts of oil and gas leasing across multiple states.  The Supplemental Complaint thus challenges BLM's application of [] national policy decisions, not individualized property interests.  The Court's remedy may or may not affect individual oil and gas

4

> leases, but that fact does not convert an administrative challenge over federal land management into a real property dispute.

*Id*. at *7.  Accordingly, the court held that venue was proper in the District of Montana.  *Id*.

In *Earth Island Inst. v. Quinn*, 56 F. Supp. 3d 1110, 1116 (N.D. Cal. 2014), the court held that a challenge over timber harvesting on federal lands did not involve a dispute over real property for purposes of § 1391(e)(1)(C). There, the plaintiffs brought an action against the Tahoe National Forest's approved response to a forest fire, which required the timber industry to harvest remaining timber to salvage costs and prevent future fires.  *Id*. Defendants challenged venue as improper under § 1391(e)(1)(C), arguing that timber harvesting involved real property.  *Id*.  The court held that timber harvesting did not "involve real property" where right, title, or possession were not at issue, explaining that "by using the legal term 'real property,' rather than allowing venue whenever 'the action relates to a particular area of land,' Congress seems to have indicated that it intended mainly to cover disputes over legal interests in real property…. [m]ost authority appears to have followed that logic, generally finding that actions 'involve real property' when they involve disputes over real property interests—and perhaps not

even then if the real property dispute is peripheral to the central cause of action." *Id*. (citing Wright, Miller & Cooper, 14D Fed. Prac. & Proc. Juris. § 3815, n. 33 (4th ed.) (collecting cases)); *see also W. Watersheds Project v. Schneider,* 2019 WL 4863483, at *3 (D. Idaho Oct. 2, 2019) (challenges to various environmental impact studies and federal management plans related to sage grouse and relaxed restrictions on oil and gas did not "involve" real property under the statute.); *see also Nat. Res. Def. Council, Inc. v. Tennessee Val. Auth.*, 340 F. Supp. 400, 406 (S.D.N.Y. 1971), *rev'd on other grounds*, 459 F.2d 255 (2d Cir. 1972) (analyzing § 1391(e)(1)(C)'s predecessor statute and noting that "almost any dispute over public or private decisions will in some way 'involve real property,' taken literally.  The touchstone for applying § 1391(e)(4) cannot sensibly be whether real property is marginally affected by the case at issue. Rather, the action must center directly on the real property, as with actions concerning the right, title or interest in real property").

Notably, "Section 1391(e) … was intended to liberalize the venue requirements" and "should be interpreted to effectuate this objective." *Earth Island*, 56 F. Supp. 2d at 1116 (quoting *Envtl. Def. Fund, Inc. v. Corps of Engineers of U.S. Army,* 325 F. Supp. 728, 732 *supplemented,* 325 F. Supp.

6

749 (E.D. Ark.1971), *aff'd,* 470 F.2d 289 (8th Cir. 1972)).  While Torongo's

mining claims are real property interests, this case is not about the right, title,

or interest in his mining claims.  Torongo does not ask the court to resolve any

claim involving the right, title, or interest in his mining claims.  The case is also

not about the federal government's right, title, or interest in federal property.

*See e.g.*, *Earth Island Inst. v. Nash*, 2019 WL 11023709, at *5 (N.D. Cal. Oct. 7,

2019) (While the Plaintiffs' lawsuit involved public land, the claims focus on

compliance with NEPA and other environmental statutes and therefore did

not involve real property for purposes of the venue statute.).  Instead, the

dispute is about whether and to what extent the Executive Branch has

discretion to manage federal lands through the Antiquities Act.  That is,

Plaintiffs ask the court to clarify the limitations on Executive power to declare

national monuments, not to decide a question of Torongo's right, title or

interest in his Chuckwalla mining claims.  The court finds persuasive the

holding in *Montana Wildlife Fed'n* that the impact of federal land

management on oil and gas leases did not "involve" real property for

purposes of § 1391(e)(1)(C).  Similarly, the Chuckwalla designation's

regulatory impact on Torongo's mining claims does not "involve" real property

7

for purposes of § 1391(e)(1)(C) because the claims here do not center on the

right, title, or interest in his mining claims.

## III.    CONCLUSION

For the reasons set forth above, the court finds that transfer of venue

under 28 U.S.C. § 1406(a) is not appropriate.  Some, but not all, of the parties

also addressed in their briefs whether transfer of venue was appropriate

under 28 U.S.C. § 1404(a).  However, the court declines to address such a

transfer of venue unless a party files an affirmative motion seeking relief

under § 1404(a) and all parties can be heard on the issue.  Any such motion

under § 1404(a) must be filed within 21 days of entry of this Order.

**SO ORDERED**.

Date: March 3, 2026                               s/F. Kay Behm
                                                  F. Kay Behm
                                                  United States District Judge