UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL TORONGO, *et al.*,

    Plaintiffs,

v.

UNITED STATES DEPARTMENT OF
INTERIOR, SECRETARY OF, *et al.*,

    Defendants.
_____ /

Case No. 25-11263

F. Kay Behm
United States District Judge

**<u>OPINION AND ORDER ON MOTIONS TO INTERVENE (ECF Nos. 15, 16)</u>**

**I.    PROCEDURAL HISTORY**

Plaintiffs, Daniel Torongo and BlueRibbon Coalition, Inc., brought this suit against Defendants, the Secretary of the U.S. Department of the Interior and the Bureau of Land Management. (ECF No. 1). Currently before the court are two motions to intervene in the present action. (ECF Nos. 15 and 16). Defendants apparently do not oppose the motions as they have not filed a response. Plaintiffs oppose the motions for intervention as of right, but do not oppose the motions to the extent they seek permissive intervention. (ECF Nos. 26 and 27). Plaintiffs seek to impose certain conditions on the intervention, which the proposed intervenors oppose. (ECF Nos. 29 and 30).

1

For the reasons set forth below, the court **GRANTS** the motions for permissive intervention.

## II.     FACTUAL BACKGROUND

Plaintiffs filed this suit alleging violations of the Antiquities Act, 54 U.S.C. §§ 320301, *et seq.*, the Property Clause of the United States Constitution, and the major questions doctrine.  (ECF No. 1).  The central dispute is whether President Biden exceeded his authority under the Antiquities Act when he established the Chuckwalla National Monument, located in the State of California.  *Id*.  Additionally, Plaintiffs seek a declaration that the Antiquities Act violates the Property Clause of the Constitution, and that the designation of the Chuckwalla National Monument violates the major questions doctrine.  *Id*.

Two groups of proposed intervenors are before the court.  First, the Chemeheuvi Indian Tribe, the Colorado River Tribes, the Morongo Bank of Mission Indians, the Torres Martinez Desert Cahuilla Indians, and the Fort Yuma Quechan Indian Tribe (collectively, the "Tribal Nations") have moved for both intervention as of right and permissive intervention as defendants.  Second, CactusToCloud Institute, California Native Plant Society, CalWild, Center for Biological Diversity, Conservation Lands Foundation, National

Parks Conservation Association, Sierra Club, The Wilderness Society, and Vet Voice Foundation, (collectively, the "Applicants"), have also moved for intervention as of right and permissive intervention as defendants.

### III. LAW AND ANALYSIS

The motions seek either intervention as of right under Federal Rule of Civil Procedure 24(a)(2), or, in the alternative, permissive intervention under Rule 24(b).  Intervention as of right requires a timely motion by a movant who: "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing Parties adequately represent that interest."  Fed. R. Civ. P. 24(a)(2). Movants must establish all elements of the four-part test: "1) the application was timely filed; 2) the applicant possesses a substantial legal interest in the case; 3) the applicant's ability to protect its interest will be impaired without intervention; and 4) the existing Parties will not adequately represent the applicant's interest."  *Blount-Hill v. Zelman*, 636 F.3d 278, 283 (6th Cir. 2011) (citing *Grutter v. Bollinger*, 188 F.3d 394, 397–98 (6th Cir. 1999)).  "Each of these elements is mandatory, and therefore failure to satisfy any one of the

3

elements will defeat intervention under the Rule." *Id*. (citing *United States v. Michigan*, 424 F.3d 438, 443 (6th Cir. 2005)).

Permissive intervention under Rule 24(b)(1) enables a court, in its discretion, to allow intervention on a timely motion by a movant who "has a claim or defense that shares with the main action a common question of law or fact."  If the motion is timely and there is at least one common question of law or fact, the court considers whether intervention would cause undue delay or prejudice to the original parties, and any other relevant factors.  Fed. R. Civ. P. 24(b)(3); *J4 Promotions, Inc. v. Splash Dogs, LLC*, 2010 WL 1839036, at *1 (S.D. Ohio May 3, 2010) (citing *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1248 (6th Cir. 1997)).

The Tribal Nations and the Applicants both allege that they are entitled to intervention as of right under Federal Rule of Civil Procedure 24(a), or, in the alternative, permissive intervention under Rule 24(b).  Given that permissive intervention is unopposed, the court need not consider the alternative motion for intervention as of right.  *See League of Women Voters of Michigan v. Johnson*, 902 F.3d 572, 577 (6th Cir. 2018); *Priorities USA v. Benson*, 448 F. Supp. 3d 755, 767 (E.D. Mich. 2020); *Ohio A. Philip Randolph Inst. v. Smith*, 2018 WL 8805953, at *1 (S.D. Ohio Aug. 16, 2018).  Accordingly,

the court will evaluate the factors applicable to a motion for permissive intervention.

    A.    <u>Timeliness</u>

Courts generally look to the "totality of the circumstances" in determining timeliness. *Davis v. Lifetime Cap., Inc.*, 560 F. App'x 477, 490 (6th Cir. 2014). While there is no absolute amount of time that makes a motion untimely, permissive intervention is inappropriate where the circumstances show the proposed intervenor should have filed earlier. *Bay Mills Indian Cmty. v. Snyder*, 720 F. App'x 754, 759 (6th Cir. 2018). No such concern exists here. At the time the motions to intervene were filed, the lawsuit was at its earliest stage. Defendants had not yet answered the complaint and case had not progressed. *See Priorities USA v. Benson*, 448 F. Supp. 3d 755, 763 (E.D. Mich. 2020) (finding intervention timely when motion filed early in the proceedings and no prejudice resulted). Thus, the court finds the motions to intervene were timely filed.

    B.    <u>Common Question of Law or Fact</u>

Pursuant to Rule 24(b), permissive intervention is appropriate if the proposed intervenor "has a claim or defense that shares with the main action a common question of law or fact." Plaintiffs' and Applicants' claims and

defenses also invoke common questions of law and fact regarding the validity of the Monument's designation. Similarly, the Tribal Nations' defenses resolve around the same common questions of law and fact as the claims in the main action – whether President Biden's proclamation designation of the Chuckwalla National Monument was lawful. Accordingly, the Tribal Nations and the Applicants are not seeking to litigate an issue "entirely tangential to the relevant question in the original lawsuit," common questions of both law and fact exist, and permissive intervention is appropriate under this factor. *Kirsch v. Dean*, 733 F. App'x 268, 279 (6th Cir. 2018).

### C. Undue Delay or Prejudice

While the decision to allow intervention is committed to the court's discretion, it must consider "whether the intervention will unduly delay or prejudice the adjudication of the original Parties' rights." Fed. R. Civ. P. 24(b)(3). Given the early stages of this litigation there is little risk of undue delay. And, given the unopposed nature of the relief sought, there is no risk of prejudice. The Tribal Nations and the Applicants are "not attempting to inject wholly [ ] unnecessary, or irrelevant issues into this litigation[,]" nor are they raising unanticipated defenses. *Priorities USA v. Benson*, 448 F. Supp. 3d 755, 765 (E.D. Mich. 2020); *League of Women Voters of Mich. v. Johnson*, 902

F.3d 572, 579 (6th Cir. 2018).  Ultimately, the court finds the Tribal Nations and the Applicants are "in a strong position to participate in all stages of this litigation, virtually from inception." *Id*.

Based on the foregoing analysis, the court finds that the Tribal Nations and the Applicants are entitled to permissive intervention under Federal Rule 24(b).

    D.    <u>Conditions For Intervention</u>

While Plaintiffs do not oppose permissive intervention, they do seek to have the court impose conditions on how the intervenors will operate in this litigation.  They seek to impose the following conditions and restrictions on the intervenors:

    1. The proposed intervenors, of allowed to intervene, must comply with any case management order entered in this case.

    2. The proposed intervenors shall be allowed access to discovery initiated by the original parties (subject to the terms of any protective order entered in this case) but shall not initiate or conduct any independent discovery absent consent of all parties or leave of court.

    3. The proposed intervenors may file separate briefs—by group, as in (a) Tribal Nations and (b) Non-Profits—which means two briefs total per briefing round with a 15-page limit for each brief.

      4. The proposed intervenors must confer with Defendant before filing any briefs, motions, or pleadings in the case to confirm that there are not duplicative papers that require separate yet unnecessary responses.

      5. If it is given that one or more sets of proposed intervenors is actually allowed to intervene in this case, then the plaintiffs should be given permission to file separate briefs (again, up to three briefs because it would not make sense to let 14 different intervenors all file separate briefs) to respond to each group's brief.

(ECF No. 27, PageID.436-437; *see also* ECF No. 26, PageID.421). The Applicants oppose the imposition of conditions and indicate that they will comply with all court orders and rules, file any papers as a group, and will meet and confer to avoid duplicative arguments and actions to the extent possible. (ECF No. 29). The Tribal Nations also generally oppose Plaintiffs' proposed conditions and propose some alternatives. Instead of a conferral requirement, the Tribal Nations suggest staggered briefing; that is, intervenor briefs would be due one week after Defendants' brief. The Tribal Nations object to the 15-page briefing limit as overly rigid and object to allowing Plaintiffs to file multiple briefs. Instead, they propose allowing Plaintiffs to file one brief but tie their page limit to the combined number of pages filed by all Defendants, with a 1-to-1 ratio for response briefs and a 3-to-1 ratio for reply briefs. For example, if Defendants' and the Intervenors' combined opening

briefs during one briefing round total 60 pages, Plaintiffs may file 60 pages in response. And if Defendants' combined response briefs during another briefing round total 60 pages, Plaintiffs may file 20 pages in reply.

At this time, the court is inclined to impose the following conditions on the proceedings in this matter:

1. The Tribal Nations must file a single motion or brief as a group. Likewise, the Applicants must file a single motion or brief as a group.

2. Any motions and briefs filed by the Tribal Nations or the Applicants must comply with the local rules, including the page limitations.

3. Plaintiffs must file a single response or reply to the three groups of Defendants' briefs, but may seek to exceed the page limitation as needed on a case-by-case basis.

4. Additional conditions or limitations may be imposed through the court's case management order.

## IV. CONCLUSION

For the reasons set forth above, the court **GRANTS** the Tribal Nations'

9

and the Applicants' motions for permissive intervention.

    **SO ORDERED**.

Date: March 3, 2026                                <u>s/F. Kay Behm</u>
                                                         F. Kay Behm
                                                         United States District Judge